UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DOUG MARSILLETT, II,<br><br>Plaintiff,<br><br>v.<br><br>KOSCIUSKO COUNTY SHERIFF *et al.*,<br><br>Defendants. | CAUSE NO. 3:20-CV-531 DRL-MGG |

<u>OPINION & ORDER</u>

Doug Marsillett, II was incarcerated in the Kosciusko County Jail throughout June and July 2018. He says he didn't receive proper medical care there. He sued several defendants, including Advanced Correctional Healthcare, Inc., the jail's healthcare provider. ACH has now moved to dismiss his claims. Because Mr. Marsillett hasn't asserted facts that allow a reasonable inference that ACH was acting pursuant to a policy, practice, or custom, the court dismisses his claims against ACH.

BACKGROUND

Taking all well pleaded facts as true at this stage, the following facts emerge. Mr. Marsillett was incarcerated in the Kosciusko County Jail on or about June 5, 2018. Within approximately two weeks, he suffered a seizure, fell, and struck his face on the rim of a toilet in his cell. The impact injured his eye socket and jaw. It took jail staff at least an hour to assist him in his cell. They did not send him to the hospital for his injuries and told him it would be two days until he could see a nurse.

For the next two days, jail staff denied him ice packs, pain medication, and soft food. When he did see the nurse (known only as "Nurse Michelle"), she did not send him to the hospital or refer him to a physician. During the rest of his incarceration, approximately forty more days, he was denied pain medication and his seizure medication. His jaw injury interfered with his ability to eat during that time. Upon release from jail, Mr. Marsillett had two teeth removed due to complications from his fall.

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face and more than just speculative. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is plausible enough to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

DISCUSSION

Mr. Marsillett alleges inadequate medical care by ACH in violation of the Fourteenth and Eighth Amendments. Because ACH contracts to provide medical care to the jail, it is treated as a government entity for suits under 42 U.S.C. § 1983. *Glisson v. Ind. Dept. of Corr.*, 849 F.3d 372, 378-79 (7th Cir. 2017). Municipal liability cannot be established *via* the theory of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a municipal entity can be liable if it maintained a policy, custom, or practice that caused the plaintiff a constitutional deprivation. *See id.* at 694; *McCauley*, 671 F.3d at 616. To survive a motion to dismiss, a plaintiff must allege facts that allow the court to draw the reasonable inference that the municipality established such an actionable policy or practice. *McCauley*, 671 F.3d at 618.

An actionable policy or practice can take the form of (1) an express policy (*e.g.*, in a policy statement, regulation, or decision officially adopted by the municipality), (2) an informal but

established municipal custom, or (3) the action of a policymaker authorized to act for the municipality. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020) (en banc) (citing *Glisson*, 849 F.3d at 379). Liability can arise from a municipality's inaction if it effectively becomes a policy. *See id.* at 378; *King v. Kramer*, 680 F.3d 1013, 1021 (7th Cir. 2012) (where municipality has "actual or constructive knowledge that its agents will probably violate constitutional right, it may not adopt a policy of inaction"); *see also Connick v. Thompson*, 563 U.S. 51, 61-62 (2011) (a city's "policy of inaction" in light of "notice that its program will cause constitutional violations is the functional equivalent of a decision by the city itself to violate the Constitution") (inner quotations omitted). Ultimately, the plaintiff must demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. *J.K.J.*, 960 F.3d at 377 (quoting *Bd. of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997)).

ACH argues that Mr. Marsillett hasn't pleaded any facts establishing an actionable policy, practice, or custom. Mr. Marsillett's only response to ACH's motion was that the facts included in his Tort Claim Notice, attached to his complaint, were sufficient to plead a *Monell* claim. He has offered no authority that even all such facts support a *Monell* claim.

Mr. Marsillett never alleges ACH has a policy, practice, or custom that caused his injury. He says the Kosciusko County Sheriff maintained policies, practices, and customs (including failing to train) that caused Mr. Marsillett's injuries, but he never asserts ACH, a separate entity and defendant in this case, maintained any policy or practice attributable to the harm. So, the court looks to whether he has pleaded facts that allow a reasonable inference that ACH maintained such an actionable policy or practice. *McCauley*, 671 F.3d at 618.

To start, Mr. Marsillett's assertions that ACH was reckless and deliberately indifferent to his medical needs are legal conclusions that aren't entitled to a presumption of truth. *See McCauley*, 671 F.3d at 616. An allegation of a custom or practice typically requires facts showing the institution of that practice or that the practice is widespread, with plausible examples of how the municipal entity

acted in a similar manner. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) ("plaintiff must demonstrate that the practice is widespread and that the specific violations complained of were not isolated incidents"); *Chatham v. Davis*, 839 F.3d 679, 685 (7th Cir. 2016) ("*Monell* claims based on allegations of an unconstitutional municipal practice or custom—as distinct from an official policy—normally require evidence that the identified practice or custom caused multiple injuries."). Mr. Marsillett has only presented facts pertaining to his own experiences with ACH, which does not support a widespread practice theory. *See Gill*, 850 F.3d at 344 (finding the plaintiff could not support a *Monell* claim because he did not allege other similar incidents had occurred or plausibly allege such example existed); *see also Palmer v. Marion Cty.*, 327 F.3d 588, 596 (7th Cir. 2003) (explaining that "isolated acts of misconduct will not suffice; a series of violations must be presented to lay the premise" for a widespread practice claim under *Monell*).

All other facts Mr. Marsillett pleads point either to actions by the jail staff or to an unidentified individual, Nurse Michelle. He alleges Nurse Michelle didn't send him to the hospital or refer him to a physician. Mr. Marsillett isn't sure whether Nurse Michelle is an employee of the jail or ACH. *See* ECF 4 ¶ 4. Even if Nurse Michelle is an employee of ACH, it cannot be held liable based solely on the individual bad acts of its employees. *Lewis v. City of Chi.*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007)) ("Misbehaving employees are responsible for their own conduct[;] 'units of local government are responsible only for their policies rather than misconduct by their workers.'"). These facts come far from allowing a reasonable inference that ACH had an express policy or the act of a final decision-maker was the moving force behind his injury.

Mr. Marsillett hasn't pointed to facts in his opposition and thus in his complaint or attached tort notice that alleges the policy or custom, or fair inference of one, required by law. Because Mr. Marsillett hasn't pleaded any facts that establish a "direct causal link between a policy or custom" of ACH and the alleged constitutional violations, *Estate of Sims v. County of Bureau*, 506 F.3d 509, 515 (7th

4

Cir. 2007) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)), the court must dismiss the claims against ACH.

## CONCLUSION

Accordingly, the court GRANTS the motion to dismiss (ECF 5) and DISMISSES all claims against Advanced Correctional Healthcare, Inc. The only remaining defendants are the Kosciusko County Sheriff and Nurse Michelle.

SO ORDERED.

August 28, 2020                           *s/ Damon R. Leichty*
                                          Judge, United States District Court